9754

STATE v. ALLSTON.

(93 S. E. 177.)

1. INTOXICATING LIQUORS—GALLON-A-MONTH LAW.—The gallon-a-month law (Act Feb. 20, 1915 [29 St. at Large, p. 140]) did not change the existing law of the right to bring whiskey into the State, except that it limited the amount to one gallon per month for personal use, and required the liquor to be delivered to the consignee.

2. INTOXICATING LIQUORS—RIGHT OF CARRIER TO TRANSPORT—GALLON-A-MONTH LAW.—A private carrier for hire had the same right to bring liquor into the State under the gallon a month law as a common carrier, such as railways and express companies, subject to the same law and restrictions.

3. INTOXICATING LIQUORS—GALLON-A-MONTH LAW—CHOICE OF CARRIER.—A person ordering liquor, not exceeding a gallon a month, to be brought into the State for his personal consumption, had the choice of bringing it in by a private carrier for hire or a common carrier.

Before PEURIFOY, J., Ridgeland, July, 1916.   Reversed.

George Allston was convicted of an offense, and he appeals.

*Mr. H. Klugh Purdy,* for appellant, cites: 104 S. C. 146; 73 S. C. 116.

*Mr. Solicitor Warren,* for respondent.

July 12, 1917.

The opinion of the Court was delivered by MR. JUSTICE WATTS.

The defendant was indicted, tried, and convicted at the July term of Court, 1916, for Jasper county, before Judge Peurifoy, and a jury.   After sentence defendant appeals.

The third and fourth exceptions are:

(3) His Honor erred in charging the jury that, "If you find from the testimony that the defendant transported from

without this State into this State more than one gallon of whiskey, it makes no difference to whom it was to be delivered, but, on the contrary, gentlemen of the jury, under this act which has just been read to you, if you find it was delivered to other persons or was intended for other persons, these persons would have been guilty and liable for punishment for receiving whiskey unlawfully, and if you find, gentlemen of the jury, that it was more than the law allowed, as I have read it to you, it would be your duty to find them guilty." Whereas, it is respectfully submitted, that his Honor should have charged the jury that, "If you find from the testimony the defendant transported eleven quarts of whiskey or wine from Savannah, Ga., to Hardeeville, S. C., and did not have more than four quarts for himself and four quarts for any other one person, and that these parties for whom the defendant brought the whiskey intended to use said whiskey for their own use, and not unlawfully, then your verdict should be not guilty."

(4) That his Honor erred in refusing to charge the following requests: That "if you find from the testimony that the defendant transported from Savannah, Ga., to Hardeeville, S. C., for hire no more than four quarts of whiskey for any one person, and the person for whom it was intended did not intend using it for unlawful purposes, and that the whiskey was taken from the defendant before he had an opportunity to deliver the same, then your verdict should be not guilty."

These exceptions must be sustained. Under the law known as the gallon-a-month law a person can order and receive from without the State one gallon of whiskey every month for his personal use. Under this act it is unlawful for any one to deliver the liquor to any one except the consignee. The gallon-a-month law did not change the existing law of the right to bring whiskey in this State for the use of another except that it limited the amount to one gallon per month for personal use and

required it to be delivered to the consignee. Any person, under the law as it existed at the time this defendant is charged with violation of law, could lawfully receive outside of. the State and bring into the State and transport said liquor, one gallon of liquor for one person for personal use each month when ordered by a person, provided the delivery was made to the consignee.

The defendant, as a private carrier for hire, had the same right to bring in liquor in the State as a common carrier, such as railways and express companies, subject to the same law and restrictions.

The person ordering the liquor had the choice of bringing it in by a private carrier for hire or a common carrier. So when his Honor charged: "If the defendant was a common carrier for hire and has complied with the law of the land, I charge you that he would have a right to transport whiskey in this State under that law. But I charge you that, if he is not a common carrier for hire and has not complied with the law as to common carriers, then he would be guilty under the law"—he was in error, as a private carrier for hire has the same right to transport as a common carrier, provided he complies with the law of the land.

It is unnecessary to consider the other exceptions.

The judgment is reversed, and a new trial granted.

MESSRS. JUSTICES HYDRICK and GAGE concur in the opinion of the Court.

MR. CHIEF JUSTICE GARY dissents.

MR. JUSTICE FRASER, *dissenting.* I cannot concur in the holding that a man may bring into the State liquor for others in quantity and divide it after he gets here. The statute (in part) is (29 Stats. 140) :

"Section 1. *Unlawful for Intoxicating Liquors to Be Shipped Into the State—Unlawful to Receive Same, Except*

*as Provided*.—Be it enacted by the General Assembly of the State of South Carolina, That it shall be unlawful for any person, firm, corporation or company to ship, transport, or convey any intoxicating liquors from a point without the State into this State, or from one point to another in this State, for the purpose of delivery, or to deliver the same to any person, firm, corporation or company within this State, or for any person, firm, corporation or company to receive, or be in possession of, any spirituous, vinous, fermented or malt liquors or beverages containing more than one per cent. of alcohol, for his, her, its or their own use, or for the use of any other person, firm or corporation, except as hereinafter provided.

"Sec. 2. *One Gallon a Month Allowed*.—Any person may order and receive from any point without the State not exceeding one gallon within any calendar month, for his or her personal use, of spirituous, vinous, fermented or malted liquors or beverages."

It is declared to be unlawful to transport any intoxicating liquor for the purpose of delivery. The second section allows a person to order and receive from without the State not exceeding one gallon per month. It does not appear that there was anything connected with the liquor to indicate that there was any separation of the packages or anything to indicate to whom they belonged. If a person be allowed to bring into the State a quantity of liquor, and then divide it up among several, there is nothing to prevent a man from bringing in a carload and dividing it among any number of people. The facts of this case, I think, are clearly in violation of the first section, and I do not think the appellant has brought himself within the modification provided for in the second.

The ruling of the Circuit Judge was more favorable to appellant than he was entitled to, in my judgment. There is a reasonable distinction between a common carrier with records and a private person with no records.