### 10467

### STATE v. ZAGLIN.

#### (103 S. E. 510.)

INTOXICATING LIQUORS—BRINGING QUART INTO STATE FOR FRIEND AND QUART FOR SELF DOES NOT VIOLATE QUART A MONTH LAW.—One who brought a quart of liquor into the State for himself and a quart for each of two friends who requested him to do so for medicinal purposes did not violate the quart a month law.

Before PEURIFOY, J., Greenville, November, 1919. Reversed.

C. Zaglin was indicted for transporting whiskey under the quart a month law. Upon conviction, defendant appeals.

*Messrs. Bonham & Price,* for appellant, cite: *A private carrier has the same right to bring into the State for another not·more than one quart per month for medicinal use:* 107 S. C. 449; 107 S. C. 487.

*Mr. J. Robert Martin, Solicitor.* Oral argument.

June 28, 1920.

The opinion of the Court was delivered by MR. JUSTICE WATTS.

The appellant was tried for violation of the prohibition law, charged with transportation of liquor under the quart a month law. Defendant was followed, arrested, and his grip searched by two policemen of the city of Greenville at

his place of business, Greenville, he being followed by them after he got off of the train to his place of business. The search was an arbitrary one on the part of the policemen, and no warrant was procured or exhibited. Upon the grip being searched three quarts of liquor were found.

The case was tried before Judge Peurifoy, and a jury, and defendant convicted and sentenced. The defendant was sentenced to two years imprisonment, eighteen months of which was suspended on the condition that the defendant did not again violate the prohibition act. Defendant appealed on the following exceptions:

"That his Honor erred in refusing to charge the jury the written request handed to the Court, which request is as follows: 'If the defendant was a private carrier for hire, or if, as a favor, he brought in for a friend not more than one quart of liquor for one person's medicinal use during one calendar month, with no intent to violate the law, then he had the right to do so; in other words, a private person or a private carrier for hire has the same right and privileges to bring in and transport liquor as a common carrier for hire'—it being submitted that his Honor erred in refus-. ing said request, in that the Supreme Court of this State has held that a private individual may act as a carrier for hire or as a favor, and that the defendant was only charged with transporting whiskey, and not for delivering whiskey without a permit having been issued, and that his Honor in refusing to charge the request submitted failed to charge the law of South Carolina as laid down by the Supreme Court."

The evidence shows that the defendant is a merchant and a Jewish rabbi in the city of Greenville, and under the uncontradicted evidence he went to New York, and on his return to his home in Greenville he had three quarts of liquor in his possession. He testified that he brought one quart for sacramental and medicinal purposes, and that the

other two quarts were brought one each to friends who had requested him to bring liquor for medicinal purposes.

The exception must be sustained under the decisions of this Court in *State v. Allston,* 107 S. C. 487, 93 S. E. 177, and *State v. Gens,* 107 S. C. 449, 93 S. E. 139, L. R. A. 1918e, 957. There is no difference in the gallon a month law and one quart a month law, except in the latter law a permit must be obtained in the manner provided for by law before delivery. There was no delivery in this case, and the State failed to show defendant did not get permit.

The action of the officers of the law was outrageous, tyrannical, and oppressive; searching a man's private valise in his place of business, without a warrant. It is commendable to enforce the law, but there are certain well-defined rules of enforcement that officers are bound by, and better that a violator of the law should escape than that the well-defined rules of enforcement should be violated by the officers of the law. The officer should not be allowed to violate the plain mandates and provisions of the law, provided for the protection of all, in attempting to enforce the law against some one who he suspects is a violator thereof. Liberty is more valuable in some instances than arrest and conviction of a violator.

The action of the officers in the present case was high-handed, oppressive, and without authority, and is to be deplored. No offense was committed in their sight or hearing. Such action of oppression and violating of fundamental principles of law is well calculated to bring about confusion, riot, and bloodshed.

The judgment is reversed.

MR. JUSTICE GAGE. I concur. The testimony of Whitmire that the lady told him to open the grip is hearsay. The entry of the grip was a trespass and unlawful.

MR. CHIEF JUSTICE GARY. I concur under the authorities cited by Mr. Justice Watts, which are conclusive of this case.

MR. JUSTICE HYDRICK, *dissenting*. The cases cited by Mr. Justice Watts were decided under the act of 1915, commonly known as the gallon a month law. 29 Stat. 140. That act allowed any person to order and receive not exceeding one gallon in each month for his own personal use, but it contained no prohibition against the importation of that amount by the person himself, by a friend, or by a private carrier for hire; therefore, the cases cited were in conformity with the provisions of that act. But the act of 1917, commonly known as the quart a month law (30 Stat. 69), repealed the act of 1915, and enacted provisions which are not to be found in the act of 1915. Those which are pertinent follow:

"Section 1. It shall be unlawful for any person * * * to * * * transport or convey any alcoholic liquors from any point without the State into the State, or from one point to another in this State. * * * *except as hereinafter provided.*

"Sec. 2. Any natural person * * * may * * * transport in his personal baggage from any point without this State *not exceeding one quart* of alcoholic liquors * * * within any one calendar month, for medicinal purposes for his or her own use, or the use of his or her immediate family. * * *

"Sec. 7. It shall be unlawful for any person * * * to knowingly ship or transport from without this State into this State, from any one point or place in this State, any trunk, valise or package of any kind containing any alcoholic liquors unless the true nature and character of the contents of such package is clearly and legibly marked on the outside thereof in letters at least one inch high. *This provision shall not apply to one quart or less of such liquors*

*in the baggage of a passenger and carried for his personal use or that of his immediate family,* or for sacramental purposes." (Italics added.)

Under the foregoing provisions of the act of 1917, the defendant was properly convicted, on the undisputed evidence.

The single exception filed by the appellant raises no issue as to the searching of his grip by the officers of the law, and I see nothing in the evidence which warrants the Court in censuring them for having done so. One of the officers (Mr. Whitmire) testified in substance:

"We followed defendant to his store, and when he had set down his grip we asked him what he had in it. He asked us if we had a search warrant, and we told him we did not. Mr. Kitchin (the other officer) went to get a search warrant, and while he was gone the lady in the store told me there was whiskey in the grip, and that they would let us open it without a warrant. We opened the grip and found three quarts of rye whiskey in it. The defendant made no statement at the time, and we let him put up bond for his appearance in the city Court."

The testimony of this witness was not denied by the defendant, or the lady in the store.

Mr. Justice Fraser concurs.