0411

Bobby D. RAUCH, Appellant, v. Pedro A. Rosairo ZAYAS, Respondent.
(327 S. E. (2d) 377)

Court of Appeals

*Russell W. Templeton,* Columbia, *for appellant.*

*James B. Lybrand, Jr.,* of *Rogers, McDonald, McKenzie, Fuller & Rubin,* Columbia, *for respondent.*

Heard Jan. 30, 1985.

Decided March, 7, 1985.

CURETON, Judge:

This is an action for damages for personal injury. Appellant Bobby Rauch was bitten by a dog owned by respondent Pedro Zayas in the course of Rauch's employment reading water meters for the City of Columbia. The jury returned a verdict for Rauch for $1,000. Rauch appeals from the circuit court's rulings on his objections to the admission of evidence, his motion for a new trial based on the inadequacy of the verdict and his request for an additional charge to the jury. We affirm.

Testimony revealed that Rauch suffered a neck injury in the course of his employment some five years earlier. Over Rauch's objection, the court permitted Zayas to elicit testimony that Rauch filed a claim as a result of the injury and that the claim was settled two weeks before the trial of this action. Rauch contends the admission of this evidence was

prohibited by Section 42-1-570 of the South Carolina Code of Laws (1976) which provides:

> The amount of compensation paid by the employer or the amount of compensation to which the injured employee or his dependents are entitled shall not be admissible as evidence in any action brought to recover damages.

We disagree.

In *Powers v. Temple*, 250 S. C. 149, 156 S. E. (2d) 759 (1967), the Court stated that the purpose of Section 42-1-570 is to prevent the liable third party from injecting workers' compensation into a case for the *sole* purpose of attempting to reduce his liability. If the evidence is offered for other purposes (such as its relevancy to the credibility of witnesses) it is admissible.

Here, Dr. Turner, a witness for Rauch, testified he could find no medically objective reason for Rauch's continuing pain a year after the dog bite. He came to believe Rauch suffered from a "compensation neurosis", a neurosis characterized by the patient's complaint of symptoms disproportionate to the injury sustained and which symptoms are not relieved until the patient feels he has been compensated for his injury. The court properly permitted Zayas to elicit evidence that Rauch's claim for damages for his injury in 1973 was settled only weeks before this trial in August, 1982. The evidence was pertinent to the credibility of Rauch's testimony that he had suffered continual pain since the infliction of the dog bite in May, 1978. Moreover, no evidence of the amount of the claim was mentioned or even that it was a "workers' compensation" claim. Rauch's objection to the admission of this evidence was properly overruled.

After appropriate instructions on the elements of actual damages and after beginning its deliberations, the jury submitted three questions to the judge: (1) Is the actual damage the amount stated by the bills in the courtroom or is the amount determined by the jury? (2) Is the "actual" separate from the pain and suffering award? and (3) Would an amount determined by the jury be the final amount awarded. In answering the questions and re-reading the charge on actual damages, the judge omitted the element of future damages. Rauch requested that the jury be instructed that future

damages were a part of actual damages but the judge denied the request on the ground that the jury had been previously charged on the element and had raised no questions about it. Rauch contends the court erred in failing to give the requested charge.

When the jury requests additional charges, it is sufficient for the court to charge only the parts of the initial charge which are necessary to answer the jury's request. 89 C. J. S. *Trial* Section 476 (1954). Its failure to charge in greater detail is not error if the details were fully covered in the original charge. *Corbin v. Prioleau,* 260 S. C. 171, 194 S. E. (2d) 875 (1973). Moreover, an alleged error in a portion of the charge must be prejudicial to the appellant to warrant a new trial. *Priest v. Scott,* 266 S. C. 321, 223 S. E. (2d) 36 (1976).

In its original charge, the court fully instructed the jury on the elements of actual damages. The jury's request for additional instructions on actual damages was very specific and indicated its areas of confusion. The court's additional charge was limited to answering the jury's request. In this, we find no error.

Finally, Rauch contends the court erred in denying his motion for a new trial based on the inadequacy of the verdict. He argues that the $1,000 verdict is so shockingly inadequate as to reveal that the jury did not consider his evidence that he incurred medical expenses of over one thousand dollars and lost wages of nearly six thousand dollars.

We find this contention to be without merit. The task of assessing damages is that of the jury, subject to the supervisory power of the trial judge over verdicts. Where the trial judge has approved a verdict, there is no remedy in this court for mere inadequacy. *Mickle v. Blackmon,* 252 S. C. 202, 166 S. E. (2d) 173 (1969). We may reverse a verdict only in those extreme cases in which the amount awarded is so shockingly disproportionate to the injuries sustained as to bring conviction that the jury was actuated by caprice, prejudice or other considerations not founded upon the evidence. *Toole v. Toole,* 260 S. C. 235, 195 S. E. (2d) 389 (1973).

The evidence in this case revealed that five years prior to the dog bite, Rauch sustained an injury for which he was being treated at the time of the bite. In fact, Rauch

could not distinguish between the pain caused by the dog bite and the pain from the pre-existing injury. The bite itself required about five stitches and healed properly. On this evidence, we find that the $1,000 verdict for actual damages is founded on the evidence.

For the reasons given, the judgment of the circuit court is

Affirmed.

SHAW and GOOLSBY, JJ., concur.