THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 The State, Respondent,
 
 
 

v.

 
 
 
 Ernest K. Lee, Appellant.
 
 
 

Appeal From Horry County
 Edward B. Cottingham, Circuit Court Judge

Unpublished Opinion No.  2006-UP-326
Submitted September 1, 2006  Filed September 18, 2006

AFFIRMED

 
 
 
 G. Scott Bellamy and George M. Hearn, Jr., both of Conway, for Appellant.
 Attorney General Henry Dargan McMaster, Chief Deputy Attorney General John W. McIntosh, Assistant Deputy Attorney General Salley W. Elliott, Senior Assistant Attorney General Norman Mark Rapoport, Office of the Attorney General, all of Columbia; and Solicitor John Gregory Hembree,  of Conway, for Respondent.
 
 
 

PER CURIAM:  Ernest Lee was convicted and sentenced for the offenses of criminal sexual conduct (CSC) in the second degree and impersonating a police officer.  Lee was sentenced to fifteen years imprisonment for CSC and one year imprisonment, consecutive, for impersonating a police officer.  Lee appeals his convictions.  We affirm. 
1.  Lee argues the trial court erred in failing to dismiss the charges against him because the State destroyed the victims blood before Lee could test it for drugs.  The State does not have an absolute duty to preserve evidence.  State v. Cheeseboro, 346 S.C. 526, 538, 552 S.E.2d 300, 307 (2001).  To establish a due process violation where the State fails to preserve evidence, a defendant must demonstrate either (1) the State destroyed the evidence in bad faith, or (2) the evidence possessed an exculpatory value apparent before the State destroyed the evidence and the defendant cannot obtain evidence of comparable value by other means.  State v. Singleton, 319 S.C. 312, 317, 460 S.E.2d 573, 576 (1995); State v. Mabe, 306 S.C. 355, 359, 412 S.E.2d 386, 388 (1991); State v. Jackson, 302 S.C. 313, 315, 396 S.E.2d 101, 102 (1990); State v. Hutton, 358 S.C. 622, 631, 595 S.E.2d 876, 881 (Ct. App. 2004); see also Arizona v. Youngblood, 488 U.S. 51, 58 (1988) (holding that unless a criminal defendant can show bad faith on the part of the police, failure to preserve potentially useful evidence does not constitute a denial of due process of law).  Here, the record is devoid not only of any evidence the State destroyed victims blood in bad faith, but also of any evidence that the blood sample possessed an exculpatory value.  Accordingly, Lee fails to establish a due process violation.  Additionally, Lee was not prejudiced by his inability to test the victims blood for drugs.  See State v. Douglas, 367 S.C. 498, 524, 626 S.E.2d 59, 73 (Ct. App. 2006) (Error without prejudice does not warrant reversal.).  First, Lee had the benefit of eliciting testimony from a law enforcement officer that the State destroyed the victims blood before Lee could test it for drugs.  Second, Lee elicited expert testimony that showed the victims blood alcohol level at the time of the incident was about .165 percent.  Therefore, Lee fully informed the jury of the fact that the State destroyed the victims blood before he could test it for drugs and that the victim was impaired at the time of the incident.  We find no error (and certainly no reversible error) in the trial courts denial of Lees motion to dismiss. 
2.  Lee argues the trial court erred in charging the jury a second time on CSC in the first, second, and third degrees when the jury only asked for an explanation of CSC in the second and third degrees.  Lee claims State v. Anderson, 322 S.C. 89, 470 S.E.2d 103 (1996), prevents the trial court from recharging the jury on matters not expressly encompassed in the jurys request.  Anderson, however, does not limit the trial court from recharging the jury beyond the scope of the jurys request.  Anderson merely holds that when a jury requests an additional charge, it is sufficient for the [trial] court to charge only those matters necessary to answer the jurys request.  Anderson, 322 S.C. at 94, 470 S.E.2d at 106 (citing State v. Barksdale, 311 S.C. 210, 216, 428 S.E.2d 498, 502 (Ct. App. 1993)).  The scope of the rechargedetermining what is necessary to answer the jurys requestis committed to the sound discretion of the trial court.  Here, the trial court reasoned the jury should receive the full charge on the greater and lesser included offenses of CSC so the jury would have the lesser included offenses of CSC in the second and third degrees in context.  We find no abuse of discretion.  Moreover, in light of Lees conviction for CSC in the second degree, Lee is unable to establish prejudice.  
3.  Lee argues the trial court erred in submitting the written charge on CSC in the first, second, and third degrees to the jury.  Lee failed to preserve the issue.  To preserve an issue for appellate review the issue must have been (1) raised to and ruled upon by the trial court, (2) raised by the appellant, (3) raised in a timely manner, and (4) raised to the trial court with sufficient specificity.  State v. Rogers, 361 S.C. 178, 183, 603 S.E.2d 910, 912-13 (Ct. App. 2004) (citations omitted).  On appeal, Lee argues the trial court erred because the usual practice in South Carolina is for the trial court to issue the charge orally only.  At trial, however, Lee did not object to the trial courts intention to send its written instructions on CSC second and third degrees to the jury room.  Instead, Lee objected only to the trial courts decision to send its charge on CSC in the first degree to the jury room.  Essentially, Lee reasserted his argument that the trial court should not recharge (or submit in writing to) the jury the law on CSC in the first degree because the jury did not ask for it.  Lee did not raise to the trial court the issue of whether written instructions should be sent back to the jury room at all with sufficient specificity to preserve it for appellate review.  In any event, we find no error.  There was no objection to the submission of written instructions to the jury concerning CSC in the second and third degrees. And, as noted above, the court acted within its discretion in submitting the instruction on CSC first degree so the jury could understand in context the lesser included offenses of CSC in the second and third degrees.  
AFFIRMED.
ANDERSON, KITTREDGE AND SHORT, JJ., CONCUR.