696 S.E.2d 587

**Samuel Anthony WILDER, Petitioner,**

v.

**STATE of South Carolina, Respondent.**

No. 26841.

Supreme Court of South Carolina.

Submitted March 17, 2010.

Decided July 26, 2010.

Appellate Defender Robert M. Pachak, of Columbia, for Petitioner.

Attorney General Henry Dargan McMaster, Chief Deputy Attorney General John W. McIntosh, Assistant Attorney General Salley W. Elliott, and Assistant Attorney General Mark R. Farthing, all of Columbia; and Solicitor Scarlett Anne Wilson, of Charleston, for Respondent.

PER CURIAM.

Petitioner was convicted of murder and possession of a firearm during the commission of a violent crime and received consecutive sentences of life and five years. He had no direct

appeal,[1] and following an evidentiary hearing on his post-conviction relief (PCR) application, the PCR judge found petitioner was entitled to a belated direct appeal. *See White v. State*, 263 S.C. 110, 208 S.E.2d 35 (1974). PCR counsel neglected to timely appeal this PCR order, and this Court issued a writ of certiorari in our original jurisdiction to review this PCR order. Since we find no merit to the direct appeal, we dismiss the writ of certiorari.

## FACTS

Petitioner and the victim were married for less than a year when she left him. There was evidence that petitioner's wife was afraid of him. Two days after moving out of the home they shared, the victim was shot dead. She was inside a club when shots were fired, and then patrons, including the victim, ran into the street. Several witnesses testified they observed a man with a gun in the club, and then saw him shoot the victim in the back once they were outside the club. These witnesses were unable to identify petitioner as the armed shooter. Another witness, Terrance Smalls, was inside the club, and did identify petitioner as the shooter. A bartender, Harold Wigfall, also identified petitioner as the man shooting the gun in the club. Witness Smith observed petitioner with the gun in the club, then saw him shoot the victim in the street, stand over her where she fell, and shoot her again. Witness Campbell also identified petitioner as the shooter, as did witness Washington. Moreover, other witnesses were able to identify the automobile in which the shooter fled the scene. When this car was found, it contained fired cartridges matching those found at the scene. The automobile belonged to petitioner.

The State also called as a witness Scennie Murdaugh, an employee of the club where the shooting occurred. Murdaugh, who was working that night, testified and identified petitioner as the person firing the gun. The trial judge refused to allow petitioner to attempt to impeach Murdaugh

---

1. Although a direct appeal was filed, it was dismissed on counsel's motion because a post-trial motion was pending in the circuit court. Ultimately, a second direct appeal was begun but not perfected due to petitioner's appointed counsel's delicts.

with nine alleged incidents of preparing false tax returns, holding these alleged prior bad acts were not probative of Murdaugh's credibility under Rule 608(b), SCRE.

## ISSUE

Did the trial judge err in holding that allegations of preparing false tax returns are not probative of a witness's truthfulness?

## ANALYSIS

Under Rule 608(b)(1), a trial judge may allow a witness to be cross-examined about "specific instances of [that witness's] conduct" if the trial judge, in his discretion, finds these instances probative of the witness's credibility. An abuse of discretion occurs when the trial court's ruling lacks evidentiary support or where it is controlled by an error of law. *E.g., State v. McDonald,* 343 S.C. 319, 540 S.E.2d 464 (2000). Here, the trial judge committed such an error when he held that preparing false tax returns was not conduct probative of Murdaugh's credibility. *Compare In re Hamer,* 342 S.C. 437, 537 S.E.2d 552 (2000) (filing false tax returns is a "serious crime" adversely reflecting on a judge's honesty and trustworthiness).

In order for this Court to reverse petitioner's convictions and sentences, however, we must find that the trial court's error prejudiced petitioner. Since Murdaugh was merely one of six eye witnesses to identify petitioner as the shooter, there were other witnesses whose testimony was consistent with that of the identifying witnesses, and physical evidence linked petitioner in the murder, her testimony was merely cumulative to other overwhelming evidence of guilt. As such, reversal is not warranted here. *E.g., State v. Simmons,* 384 S.C. 145, 682 S.E.2d 19 (Ct.App.2001).

## CONCLUSION

The writ of certiorari is

**DISMISSED.**