**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Anthony Tilmon, Appellant.

Appellate Case No. 2011-187427

———————————

Appeal From Aiken County
Doyet A. Early, III, Circuit Court Judge

———————————

Unpublished Opinion No. 2013-UP-275
Heard May 15, 2013 – Filed June 26, 2013

———————————

**AFFIRMED**

———————————

Appellate Defender LaNelle Cantey DuRant, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson and Assistant Attorney General William M. Blitch, Jr., both of Columbia, for Respondent.

———————————

**PER CURIAM:** Anthony Tilmon appeals his convictions for three counts of lewd act on a minor and three counts of criminal sexual conduct (CSC) with a minor, arguing the trial court erred in: (1) refusing to admit evidence of his good character

towards children; (2) denying his motion for a mistrial; and (3) denying his motion to suppress a videotape of Victim's forensic interview. We affirm.

## FACTS/PROCEDURAL HISTORY

During the Spring of 2009, Tilmon's mother occasionally babysat Victim at the Tilmons' home in Aiken, South Carolina. Later that year, Victim and her mother moved to Florida. Once in Florida, Victim disclosed to her mother that Tilmon had sexually assaulted her three different times while she was staying at the Tilmons' home.

Later, during an interview with investigators at the Aiken County Sheriff's Office, Tilmon confessed to sexually assaulting Victim. The majority of Tilmon's confession was videotaped. Tilmon also completed a written statement detailing each of the three incidents of abuse.

Victim, who was nine-years-old at the time of trial, testified in detail regarding each incident of abuse. The State also presented the testimony of Detective Carol Dansky, who testified that she conducted a forensic interview of Victim at the Broward Sheriff's Office in Fort Lauderdale, Florida in November 2009. Over defense counsel's objection, the trial court admitted a videotape recording of the forensic interview and played it for the jury. Subsequently, the defense offered the testimony of several character witnesses. Additionally, Tilmon testified that he did not sexually assault Victim and that he confessed because he felt threatened by the investigating officers.

The jury returned a verdict of guilty on all six counts as indicted. The trial judge sentenced Tilmon to thirty-five-years' imprisonment on each count of CSC with a minor and to fifteen years on each count of lewd act with a minor. All sentences were to run concurrently. This appeal followed.

## LAW/ANALYSIS

Tilmon argues the trial court erred in refusing to allow two of his character witnesses to testify concerning his good character towards children. In this case, Tilmon did not proffer the testimony of either of his witnesses, nor did he explain what the testimony of his witnesses would have been. Therefore, we find this argument is not preserved for our review. *See State v. Santiago*, 370 S.C. 153, 163, 634 S.E.2d 23, 29 (Ct. App. 2006) (holding "a proffer of testimony is required to preserve the issue of whether testimony was properly excluded by the trial

judge, and an appellate court will not consider error alleged in the exclusion of testimony unless the record on appeal shows fairly what the excluded testimony would have been").

Tilmon next argues the trial court erred in refusing to grant a mistrial because of Victim's conduct during defense counsel's closing argument.  The State contends that this issue is not preserved because defense counsel did not contemporaneously object when the alleged conduct occurred.  Even if this issue was preserved, the trial judge did not abuse his discretion in refusing to grant a mistrial.  *See State v. Anderson*, 322 S.C. 89, 91-92, 470 S.E.2d 103, 105 (1996) ("The decision whether to grant a mistrial because of a witness's outburst rests within the sound discretion of the trial judge and will not be reversed absent an abuse of discretion or manifest prejudice to the complaining party.").  Directly after closing argument, the trial judge had the jury take a break and *sua sponte* sought to determine whether Victim needed to leave the courtroom because of her emotions.  This inquiry led to Victim's mother removing Victim from the courtroom before her behavior could escalate to the point of an outburst.  Thus, the trial judge took sufficient curative measures to ensure a mistrial was unnecessary.  *See id.* at 93, 470 S.E.2d at 105 (finding no error in denial of mistrial motion when the trial judge dismissed the jury and called a recess as soon as the outburst occurred in order to give the witness time to calm down).  Moreover, in denying the motion for a mistrial, the trial judge stated that he had observed Victim throughout closing argument and he did not hear her cry aloud.  He further noted that he watched the jury closely during closing argument and the jury did not appear distracted in any way. Because the trial judge was in the best position to assess the degree to which the jury may have been prejudiced by Victim's conduct, we find the trial judge did not abuse his discretion in denying Tilmon's motion for a mistrial.  *See id.* at 93, 470 S.E.2d at 105-06 (finding the trial judge did not abuse his discretion in denying appellant's motion for a mistrial because "the trial judge was in the best position to assess the degree to which the jury may have been prejudiced by the [witness's] outburst").

Last, Tilmon argues that the trial court's denial of his motion to suppress a videotape of Victim's forensic interview violated his right to confrontation. Specifically, he contends that the application of South Carolina Code subsection 17-23-175(A) (Supp. 2012), which permits the admission of out-of-court statements from child sexual abuse victims when certain conditions are met, violated the Sixth Amendment's Confrontation Clause because (1) Victim was not available for cross-examination during the taping of the interview and (2) the

statements in the videotape constituted prior consistent statements that improperly bolstered Victim's testimony.[1]

The Sixth Amendment's Confrontation Clause guarantees "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to be confronted with the witnesses against him."  U.S. Const. amend. VI.  In *Crawford v. Washington*, 541 U.S. 36, 53-54 (2004), the United States Supreme Court held that testimonial hearsay statements are not admissible under the Confrontation Clause unless the declarant is unavailable to testify at trial and the accused had a prior opportunity to cross-examine the declarant.  "However, the Confrontation Clause places no constraints at all on the use of the declarant's prior testimonial statements when the declarant appears for cross-examination at trial."  *State v. Hill*, 394 S.C. 280, 291, 715 S.E.2d 368, 374-75 (Ct. App. 2011) (citing *State v. Stokes*, 381 S.C. 390, 401, 673 S.E.2d 434, 439 (2009)).  "The Confrontation Clause 'does not bar admission of a statement so long as the declarant is present at trial to defend or explain it.'"  *Stokes*, 381 S.C. at 401, 673 S.E.2d at 439 (quoting *Crawford*, 541 U.S. at 59 n.9).

Tilmon contends that his cross-examination was not effective because he did not have the opportunity to cross-examine Victim during the forensic interview.  However, "the Confrontation Clause 'guarantees only an *opportunity* for effective cross-examination, not cross-examination that is effective in whatever way, and to whatever extent, the defense might wish.'"  *Id.* at 401-02, 673 S.E.2d at 439-40 (quoting *United States v. Owens*, 484 U.S. 554, 559 (1988)).  "Indeed the opponent's opportunity for cross-examination has been deemed the 'main and essential purpose of confrontation.'"  *Id.* at 402, 673 S.E.2d at 440.  Thus, it is the *opportunity* to cross-examine that is constitutionally protected."  *Id.*

In this instance, Victim was present at trial and Tilmon had the opportunity to cross-examine Victim regarding her statements in the videotape while she was on the stand.[2]  *See Hill*, 394 S.C. at 291-92, 715 S.E.2d at 374-75 (holding there is no Confrontation Clause violation when the declarant appears for cross-examination at trial).  Because Tilmon had the opportunity for effective cross-examination, we find he was not denied his right to confrontation.

---

[1] At oral argument, Scott conceded that the statutory conditions required for admission of the videotape were met.

[2] Notably, Tilmon's defense counsel extensively cross-examined Victim regarding her testimony at trial; however, counsel did not cross-examine Victim about the videotape or her testimony on the videotape.

**AFFIRMED.**

**FEW, C.J., and GEATHERS and LOCKEMY, JJ., concur.**