**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

The State, Respondent,

v.

Aaron D. Hyatt, Appellant.

Appellate Case No. 2014-000082

---

Appeal From Lancaster County
Brian M. Gibbons, Circuit Court Judge

---

Unpublished Opinion No. 2015-UP-343
Submitted April 1, 2015 – Filed July 15, 2015

---

**AFFIRMED**

---

Appellate Defender Kathrine Haggard Hudgins, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson and Assistant Attorney General Christina Catoe Bigelow, of Columbia; and Solicitor Douglas A. Barfield Jr., of Kershaw, for Respondent.

---

**PER CURIAM:** Aaron D. Hyatt appeals his conviction for assault and battery of a high and aggravated nature, arguing (1) the trial court erred in refusing to

recharge the jury on the law of self-defense and (2) the trial court erred in denying his motion for a directed verdict. We affirm[1] pursuant to Rule 220(b), SCACR, and the following authorities:

1. As to whether the trial court erred by not recharging the law of self-defense: *State v. Lemire*, 406 S.C. 558, 565, 753 S.E.2d 247, 251 (Ct. App. 2013) ("An appellate court will not reverse the trial court's decision regarding jury instructions unless the trial court abused its discretion. An abuse of discretion occurs when the trial court's ruling is based on an error of law or, when grounded in factual conclusions, is without evidentiary support." (citation and internal quotation marks omitted)); *State v. Anderson*, 322 S.C. 89, 94, 470 S.E.2d 103, 106 (1996) ("It is well established in South Carolina that [w]hen a jury requests an additional charge, it is sufficient for the court to charge only those matters necessary to answer the jury's request." (alteration in original) (internal quotation marks omitted)).

2. As to whether the trial court erred in denying Hyatt's motion for a directed verdict: *State v. Adams*, 332 S.C. 139, 144, 504 S.E.2d 124, 126 (Ct. App. 1998) (holding the issue of whether the trial court erred in denying the defendant's motion for a directed verdict was unpreserved because the defendant did not renew his motion at the close of his case); *State v. Bailey*, 368 S.C. 39, 43 n.4, 626 S.E.2d 898, 900 n.4 (Ct. App. 2006) ("If a defendant presents evidence after the denial of his directed verdict motion at the close of the State's case, he must make another directed verdict motion at the close of all evidence in order to appeal the sufficiency of the evidence."); *State v. Hepburn*, 406 S.C. 416, 432, 753 S.E.2d 402, 410 (2013) (adopting the waiver rule regarding the review of motions for a directed verdict); *id.* at 430 n.15, 753 S.E.2d at 409 n.15 ("If a defendant fails to renew his motion for judgment of acquittal at the end of all the evidence, the waiver doctrine operates to foreclose the issue of sufficiency of the evidence on appeal absent a manifest miscarriage of justice." (internal quotation marks omitted)).

**AFFIRMED.**

**FEW, C.J., and HUFF and WILLIAMS, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.