**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

David Glover, Appellant.

Appellate Case No. 2015-001144

———————————

Appeal From Aiken County
Knox McMahon, Circuit Court Judge

———————————

Unpublished Opinion No. 2017-UP-025
Submitted October 1, 2016 – Filed January 11, 2017

———————————

**AFFIRMED**

———————————

Appellate Defender Laura Ruth Baer, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson and Assistant Attorney General Susan Ranee Saunders, both of Columbia; and Solicitor James Strom Thurmond, Jr., of Aiken, for Respondent.

———————————

**PER CURIAM:** Affirmed pursuant to Rule 220(b), SCACR, and the following authorities: *State v. Brandt*, 393 S.C. 526, 550, 713 S.E.2d 591, 603 (2011) ("An appellate court will not reverse the trial [court]'s decision regarding a jury charge

absent an abuse of discretion."); *Wilder v. State*, 388 S.C. 282, 285, 696 S.E.2d 587, 588 (2010) ("An abuse of discretion occurs when the trial court's ruling lacks evidentiary support or where it is controlled by an error of law."); *State v. Harrison*, 343 S.C. 165, 173, 539 S.E.2d 71, 75 (Ct. App. 2000) ("To warrant reversal, a trial [court]'s refusal to give a requested jury charge must be both erroneous and prejudicial."); *State v. Barksdale*, 311 S.C. 210, 216, 428 S.E.2d 498, 502 (Ct. App. 1993) ("When a jury requests an additional charge, it is sufficient for the court to charge *only* those matters necessary to answer the jury's request." (emphasis added)); *State v. Anderson*, 322 S.C. 89, 94, 470 S.E.2d 103, 106 (1996) (finding "the recharge was properly limited to answering the jury's question").

**AFFIRMED.**[1]

**LOCKEMY, C.J., and KONDUROS and MCDONALD, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.