## 20375

The STATE, Respondent, v. Roy Milton JONES, Appellant.

(223 S. E. (2d) 287)

*Messrs. W. Gaston Fairey* and *James C. Harrison, Jr.,* of Columbia, *for Appellant,*

*Messrs. Daniel R. McLeod, Atty. Gen., Joseph R. Barker,* and *Brian P. Gibbes, Asst. Attys. Gen.,* and *James C. Anders, Sol.,* of Columbia, *for Respondent,*

March 4, 1977.

Lewis, Chief Justice:

Appellant was tried in the General Sessions Court of Richland County on charges of armed robbery, rape, assault with intent to ravish and possession of an unlawful weapon in connection with a robbery of the Termplan Finance Company office in Columbia, South Carolina. The victims described their assailant as a black male who wore a hood or mask over his head. Appellant was arrested after the ownership of a car alleged to be the one used in the robbery was traced to him and one of the victims coincidentally sighted the car and recognized the driver as the perpetrator of the crimes. Four of the victims viewed a lineup in which the participants were similarly built, wore white pillowcases over their heads and were made to speak certain words allegedly used in the robbery; each identified the appellant.

The jury returned a verdict of guilty on all counts and appellant received twenty-five years for the crime of armed robbery, forty years for the crime of rape, forty years for the crime of assault with intent to ravish, and one year for the crime of possession of an unlawful weapon; all sentences to run concurrently.

Several issues are raised in the appeal. We consider first the question challenging the legality of the lineup. The appellant contends that the lineup violated his privilege against self-incrimination under Article I, Section 12 of the South Carolina Constitution because he was compelled to speak certain words allegedly used at the scene of the crime. We disagree.

In *State v. Vice,* 259 S. C. 30, 190 S. E. (2d) 510, we adopted the rationale used in *United States v. Wade,* 388 U. S. 218, 87 S. Ct. 1926, 18 L. Ed. (2d) 1149, regarding instances in which a defendant is compelled to use his voice as an identifying characteristic. In *Vice,* we recognized that a defendant's constitutional rights were not violated when he was compelled to speak

into a telephone in order that his voice could be recorded for identification purposes. We now hold that there is no violation of the privilege against self-incrimination afforded under the South Carolina Constitution when a defendant is compelled in a lineup to speak the words allegedly used in the crime.

In *Wade,* the United States Supreme Court approved a lineup procedure in which the defendant was compelled to wear strips of tape over his face and speak certain words. The Court stated that: "compelling Wade to speak within hearing distance of the witnesses, even to utter words purportedly uttered by the robber, was not compulsion to utter statements of a 'testimonial' nature; he was required to use his voice as an identifying physical characteristic, not to speak his guilt." 388 U. S. at 222, 223, 87 S. Ct. at 1930. This reasoning is applicable to the facts of this case. To the extent that the case of *State v. Taylor,* 213 S. C. 330, 49 S. E. (2d) 289, on which appellant relies, is inconsistent with the present holding, it is expressly overruled.

Our examination of the testimony reveals that the lineup in which appellant participated was not "unnecessarily suggestive and conducive to irreparable mistaken identification." *Stovall v. Denno,* 388 U. S. 293, 302, 87 S. Ct. 1967, 1972, 18 L. Ed. (2d) 1199. The six participants were of approximately the same size and build. They wore the same clothing and footwear and wore white pillowcases with the eyes and nose cut out. Each was required to walk up to the one way glass behind which the witness stood and use approximately the words that were used in the holdup. They then executed several turns designed to give a view of their front and back and to show their profiles. The four Termplan employees who viewed the lineup identified the appellant according to physical characteristics such as physique, walk and voice. Each viewed the lineup separately with no discussion between them after each viewing. A law clerk from the public defender's office

helped the officers pick the participants and gave suggestions to make them look alike.

There was nothing in the confrontation that made appellant stand out, nothing unusually suggestive. There was no error in the admission of the testimony concerning the lineup.

The further contention that testimony concerning the lineup identification should have been excluded because the arrest of appellant was illegal is also without merit. This assignment of error is based upon the premise that the arrest warrant was issued without probable cause. The lower court concluded upon abundant factual support that there was sufficient probable cause to justify appellant's arrest, and these findings are conclusive on appeal. *State v. Barrs*, 257 S. C. 193, 184 S. E. (2d) 708.

It is next contended that the trial judge erred in refusing to include in the *voir dire* examination a specific question concerning racial prejudice.

Appellant sought to have the trial judge ask prospective jurors: "Would the fact that the defendant is black make it more difficult for you to render a verdict in his favor than if he was white?". This request was refused and appellant contends that the refusal to ask the question constituted an abuse of discretion so as to deny him the constitutionally mandated right to an impartial jury.

The Termplan Finance Company office was robbed at approximately 1:10 p. m., on July 3, 1975, by a black male carrying a small caliber pistol. There were six employees, all white, in the office at the time—three male and three female. During the course of the robbery all of the employees were forced to disrobe, after which the women were forced into a boiler room and the men into an office. Besides escaping with approximately fourteen hundred ($1400.00) dollars, the robber raped one of the women and assaulted another with intent to ravish.

The sole basis for the requests for a specific inquiry as to racial prejudice was the fact that the assailant was black and the women assaulted were white. There is no claim that any defense was based upon race or racial prejudice.

Specific *voir dire* questions directed to matters that might conceivably prejudice jurors against a defendant are not constitutionally mandated in every case. *Ristaino v. Ross,* 424 U. S. 589, 96 S. Ct. 1017, 47 L. Ed. (2d) 258. The question of impartiality of a juror is addressed to the sound discretion of the trial judge. *State v. Young,* 238 S. C. 115, 119 S. E. (2d) 504; *State v. Bethune,* 93 S. C. 195, 75 S. E. 281.

Under the foregoing principles, specific *voir dire* questions on racial prejudice are not constitutionally required in every case where the crime involves violence by a black against a white. *Ristaino,* 424 U. S. 589, 96 S. Ct. at 1021, 47 L. Ed. (2d) at 264.

Our decisions in *Young* and *Bethune, supra,* in effect, hold that a specific inquiry on racial prejudice is not ordinarily required where, in view of other answers to questions concerning bias and prejudice against the prisoner, the answer of the jurior to the proposed question must have been in the negative.

With appellant present at the counsel table, where his race was readily apparent, the trial judge asked the jurors, among other questions: "Are you conscious of any bias or prejudice against the defendant?"; "Do you have any reason why you could not sit as an impartial juror?"; and "Can you give the defendant a fair and impartial trial, based upon the law and the facts of the case?". Preceding these inquiries, the trial judge instructed the jurors as to their duties so as to impress upon them the fact that the sole purpose of the *voir dire* examination was to secure a fair and impartial jury to try the case.

The record shows that the trial judge adequately questioned the jurors to determine impartiality and absence of prejudice; and there were no special circumstances, as in *Ham v. South Carolina,* 409 U. S. 524, 93 S. Ct. 848, 35 L. Ed. (2d) 46 (relied upon by appellant), which would require specific questioning about racial prejudice. There was consequently no abuse of discretion nor violation of any constitutional right of appellant to an impartial jury.

Appellant was apprehended partly upon recognition of his automobile from prior descriptions given to the officers of the vehicle used by the assailant in fleeing the scene of the crime. Testimony to this effect was introduced at the trial and, at the conclusion of appellant's case, he requested that the jury be allowed to view the automobile in order to support his allegations concerning alleged discrepancies in the descriptions of the vehicle by the witnesses. The trial judge refused the request that the jury be allowed to view the automobile and appellant submits that this was error.

Whether or not the jury would be allowed to view the automobile was discretionary with the trial judge and, in the absence of abuse of discretion, this Court will not interfere. The physical characteristics of appellant's automobile, relied upon by the State in establishing his guilt and by him in attempting to impeach the testimony of the witnesses, were adequately presented to the jury in detail in the form of descriptive testimony and photographs of the vehicle. Under these circumstances, there was no abuse of discretion. *State v. Spinks,* 260 S. C. 404, 196 S. E. (2d) 313; *State v. Seay,* 263 S. C. 496, 211 S. E. (2d) 649.

The testimony concerning the commission of the crimes charged and the identifications by the witnesses of appellant as the one committing the crimes required submission of the question of appellant's guilt to the jury for determination. Therefore, appellant's further argument that his motion for a directed verdict should have been granted cannot be sustained.

The final question is based upon the charge that the questioning of one of the witnesses by the trial judge constituted an impermissible comment upon the exercise by the appellant of his constitutional right to remain silent. The challenged questions were asked and answered without objection. Since no objection was made in the lower court to the testimony in question, such objection cannot be raised for the first time on appeal. *State v. Laster,* 261 S. C. 521, 201 S. E. (2d) 241.

The judgment is accordingly affirmed.

LITTLEJOHN, NESS, RHODES and GREGORY, JJ., concur.