20454

The STATE, Respondent, v. Thomas Earl RODGERS, Jr., Appellant.
(235 S. E. (2d) 808)

*John W. Williams, Esq., of Williams and Williams,* Columbia, *for Appellant,*

*Daniel R. McLeod, Atty. Gen., Joseph R. Barker, Asst. Atty. Gen., Sally G. Young, Staff Atty., and James C. Anders, Sol.,* of Columbia, *for Respondent,*

24

June 13, 1977.

*Per Curiam:*

Appellant was convicted by a jury for murder that is wilful, deliberate and premeditated and carrying an unlawful weapon. The sentence was death in the electric chair.

In accordance with our ruling in *State v. Rumsey,* 267 S. C. 236, 226 S. E. (2d) 894 (1976), the sentence must be vacated and the case remanded for the purpose of sentencing appellant to life imprisonment.

Appellant alleges that the trial judge erred in allowing the solicitor to argue the facts of the case during his initial closing argument to the jury. It is contended that Circuit Court Rule 58 as interpreted by "common and well established practice" dictates that the solicitor be limited to a discussion of the law during his initial closing argument and should only discuss the facts during reply argument.

The solicitor is entitled to open the closing arguments to the jury unless the defendant has offered no evidence. *State v. Gellis,* 158 S. C. 471, 155 S. E. 849 (1930). The right to open and close the argument to the jury is a substantial right, the denial of which is reversible

error. 18 West's South Carolina Digest, *Trial,* Key No. 25 (1). It follows that such right cannot be limited solely by custom or practice. There is nothing in Circuit Court Rule 58 which limits the initial closing argument to the law of the case, it simply requires a discussion of the law to be included in that argument if demanded by the defendant. The solicitor is not required to make an opening argument to the jury on issues of fact, *State v. Lee,* 255 S. C. 309, 178 S. E. (2d) 652 (1971), but may do so in his discretion.

Appellant has also raised an issue concerning the trial judge's charge to the jury. We find the issue to be without merit.

Accordingly, the conviction is affirmed, the sentence is vacated and the case is remanded for the purpose of sentencing appellant to life imprisonment.