1628

The STATE, Respondent v. John Henry HART, Appellant.

(403 S.E. (2d) 144)

Court of Appeals

*Asst. Appellate Defender Robert M. Pachak,* Columbia, *for appellant.*

*Atty. Gen. T. Travis Medlock, Asst. Attys. Gen. Harold M. Coombs, Jr.,* and *Amie L. Clifford,* Columbia, and *Sol. Larry F. Grant,* York, *for respondent.*

Heard Feb. 13, 1991; Decided Mar. 11, 1991.

Rehearing Denied March 25, 1991.

*Per Curiam:*

John Henry Hart was convicted of armed robbery and unlawful use of a weapon. During the trial, Hart sought to ex-

hibit his physical characteristics to the jury so as to point out discrepancies between his physical appearance and the physical description given by Shirley Jean Helms, the State's main witness, to investigating officers after the robbery of the convenience store where Helms worked. Because the trial court conditioned any such exhibition on Hart's being cross-examined, Hart refrained from exhibiting his physical characteristics to the jury. Hart appeals. We affirm.

An exhibition by a defendant of the defendant's physical characteristics does not implicate the defendant's privilege against self-incrimination since the exhibition is not testimonial. *See Schmerber v. California,* 384 U.S. 757, 86 S. Ct. 1826, 16 L. Ed. (2d) 908 (1966) (a blood sample involuntarily given was not testimonial for purposes of the fifth amendment); *United States v. Wade,* 388 U.S. 218, 87 S. Ct. 1926, 18 L. Ed. (2d) 1149 (1967) (words spoken during a lineup for identification purposes were not testimonial); *State v. Newton,* 274 S.C. 287, 262 S.E. (2d) 906 (1980) (results from breathalyzer test were not testimonial and did not implicate the fifth amendment); *State v. Jones,* 268 S.C. 227, 233 S.E. (2d) 287 (1977) (there was no violation of defendant's privilege against self-incrimination in compelling him to speak during lineup); *State v. Vice,* 259 S.C. 30, 190 S.E. (2d) 510 (1972) (recording of defendant's voice during court recess did not implicate privilege against self-incrimination). Although the trial court should not have conditioned the exhibiting of Hart's physical characteristics as it did, the error is harmless beyond a reasonable doubt and affords no basis for reversal. *See Delaware v. Van Arsdall,* 475 U.S. 673, 106 S. Ct. 1431, 89 L. Ed. (2d) 674 (1986) (in determining whether the trial court's error of prohibiting admission of impeachment evidence is harmless beyond a reasonable doubt, the appellate court should consider factors such as cumulativeness and relative importance); *State v. Mitchell,* 286 S.C. 572, 336 S.E. (2d) 150 (1985) (whether harmless error occurs or not depends upon the circumstances of the particular case, as well as upon the materiality and prejudicial character of the error in relation to the entire case).

The exhibition by Hart of his physical characteristics would have been cumulative to other evidence and it would have been of limited importance relative to other evidence support-

ing his conviction. The testimony of Hart's witness, Vyvian Mobley, contradicted Helms' initial description, as did the booking report. More importantly, Helms identified Hart in court and, as the evidence reflects, also selected his picture from a lineup conducted with photographs during the investigation by police of the robbery. *See State v. Brown*, 286 S.C. 445, 334 S.E. (2d) 816 (1985) (the erroneous admission of a doctor's testimony identifying the defendant as the perpetrator of an alleged sexual assault on a child by means of relating the child's statements held harmless in light of cumulative evidence identifying the defendant as the perpetrator).

Affirmed.