## 23517

STATE of South Carolina, Respondent v. John Henry HART, Petitioner.
(412 S.E. (2d) 380)

Supreme Court

*Asst. Appellate Defender Robert M. Pachak,* of *S.C. Office of Appellate Defense,* Columbia, *for petitioner.*

*Atty. Gen. T. Travis Medlock, Asst. Attys. Gen. Harold M. Coombs, Jr.,* and *Amie L. Clifford,* Columbia, and *Sol. Larry F. Grant,* York, *for respondent.*

Heard Oct. 21, 1991.

Decided Dec. 2, 1991.

GREGORY, Chief Justice:

This case is before us on a writ of certiorari to review the Court of Appeals' decision reported at — S.C. —, 403 S.E. (2d) 144 (1991). We reverse and remand for a new trial.

Petitioner was convicted of armed robbery and unlawful use of a firearm. At trial, the only contested issue was identity. The victim identified petitioner from a photo lineup and also gave an in-court identification. Evidence at trial, however, indicated the physical description of the suspect given by the victim immediately following the robbery did not match petitioner's physical characteristics in certain particulars. Petitioner moved to be allowed to exhibit his physical characteristics to the jury. The trial judge ruled petitioner could do so only if he subjected himself to cross-examination by the State. Petitioner declined to be cross-examined and did not testify at trial.

On appeal, the Court of Appeals held the trial judge erred in conditioning petitioner's exhibition of his physical characteristics upon cross-examination but found the error harmless beyond a reasonable doubt because "the exhibition by [petitioner] of his physical characteristics would have been cumulative to other evidence and it would have been of limited importance relative to other evidence supporting his conviction." Petitioner contends the Court of Appeals erred in finding this error harmless.

We note that the Court of Appeals correctly concluded the trial judge's ruling was erroneous. It is well-settled that the *State's* exhibition of a defendant's physical characteristics does not implicate the defendant's privilege against self-incrimination because such an exhibition is not testimonial. *Schmerber v. California,* 384 U.S. 757, 86 S. Ct.

1826, 16 L. Ed. (2d) 908 (1966). Since constitutional due process ensures reciprocity as essential to a fair trial, *Wardius v. Oregon,* 412 U.S. 470, 93 S. Ct. 2208, 37 L. Ed. (2d) 82 (1973), a physical exhibition when offered by the *defendant* cannot constitute a waiver of his right against self-incrimination. *See State v. Martin,* 519 So. (2d) 87 (La. 1988); *State v. Norris,* 577 S.W. (2d) 941 (Mo. 1979). The exhibition of physical characteristics, like any other evidence, however, is subject to challenge by the State on the ground that a proper foundation has not been laid, i.e. that there is no evidence before the jury that the physical characteristics proffered were present at the time the offense was committed.

Having observed that the Court of Appeals correctly found error, however, we differ with the result reached under its harmless error analysis. The United States Supreme Court has set forth a test to assess whether the exclusion of evidence in violation of a defendant's constitutional right to confront witnesses constitutes harmless error beyond a reasonable doubt. *Olden v. Kentucky,* 488 U.S. 227, 109 S. Ct. 480, 102 L. Ed. (2d) 513 (1988); *Delaware v. Van Arsdall,* 475 U.S. 673, 106 S. Ct. 1431, 89 L. Ed. (2d) 674 (1986). We conclude by analogy this same test is applicable to assess harmless error where relevant evidence has been excluded in violation of the defendant's constitutional right to due process.

> The correct inquiry is whether, *assuming that the damaging potential of the [proffered evidence] were fully realized,* a reviewing court might nonetheless say that the error was harmless beyond a reasonable doubt.

*Van Arsdall,* 106 S. Ct. at 1438.

Further, the reviewing court must consider the importance of the particular evidence *contradicted by* the defendant's proffered evidence, including whether it is merely cumulative to other evidence or whether it is corroborated or contradicted by other evidence introduced at trial. The reviewing court must also assess the overall strength of the prosecution's case. *See Olden,* 109 S. Ct. at 483-84; *Van Arsdall,* 106 S. Ct. at 1438.

In this case, the victim's identification of petitioner was crucial to the State's case. Not only was this identification un-

corroborated by any other evidence presented at trial, it was in fact contradicted by evidence of the victim's own previous description of the perpetrator. For instance, shortly after the robbery, the victim told investigating officers the perpetrator was a black male, between twenty and twenty-five years old, of medium height. She specified that "medium height" was her own height, 5' 2" tall. She was sure the perpetrator was her height because they stood eye-to-eye. Evidence indicates petitioner is 5' 9" and would have been thirty-three years old at the time the incident occurred.

The victim further described the suspect as having teeth that were badly stained with gaps around his bottom teeth. His eyes were wide and surprised-looking but not out of alignment. She saw his hands and they had no scars on them. This description was contradicted by defense witness Vyvian Mobley who testified she had lived with petitioner for several years. She described petitioner as having a scar on his left hand, a chipped front tooth that was discolored, and his right eye was noticeably out of alignment due to a previous injury. He had no gaps between his bottom teeth. The victim admitted she had never seen petitioner's teeth.

The robbery occurred on New Year's Day. Mobley testified petitioner was with her in Maryland until the morning of January 2. Other evidence admitted by stipulation indicate another witness would have testified petitioner "was present at a New Year's Eve Party in Maryland lasting into the morning hours."

The record indicates the identification of petitioner as the perpetrator was contradicted rather than corroborated by other evidence at trial. Moreover, the overall strength of the State's case was far from overwhelming since it was based solely on the victim's identification which was inconsistent with her own previous description of the perpetrator.

The Court of Appeals found petitioner's proffered exhibition of his physical characteristics was merely cumulative to Mobley's testimony. We disagree. The Solicitor's closing argument put in issue the accuracy of the descriptions given by Mobley and the victim. Clearly, the jury's viewing of petitioner's physical characteristics, particularly his teeth and height, would have been decisive in evaluating the accuracy of the victim's identification. Since the reviewing court must

assume the damaging potential of the excluded evidence in assessing whether its exclusion was nonetheless harmless beyond a reasonable doubt, we cannot conclude the jury would have reached the same verdict had the error not been committed. We therefore reverse the decision of the Court of Appeals and remand the case for a new trial.

Reversed and Remanded.

HARWELL, CHANDLER, FINNEY and TOAL, JJ., concur.