546

534 S.E.2d 711

The STATE, Appellant,

v.

Antar M. FRASIER, Respondent.

No. 3211.

Court of Appeals of South Carolina.

Submitted May 3, 2000.

Decided July 3, 2000.

Attorney General Charles M. Condon, Chief Deputy Attorney General John W. McIntosh and Senior Assistant Attorney General Norman Mark Rapoport, all of Columbia; and Solicitor David P. Schwacke, of N. Charleston, for appellant.

Assistant Appellate Defender Robert M. Pachak, of SC Office of Appellate Defense, of Columbia, for respondent.

PER CURIAM:

The State of South Carolina appeals the denial of its motion for an order requiring Antar M. Frasier to provide handwriting exemplars. The circuit court denied the State's motion because it violated Frasier's Fifth Amendment right against self-incrimination. We reverse and remand.[1]

On June 14, 1998, three men robbed a McDonald's restaurant in Charleston and three employees were held against their will. Frasier was arrested the next day. He was indicted on three counts of kidnaping, three counts of assault and battery with intent to kill, armed robbery, and possession of a knife during the commission of a violent crime.

The State moved for an order requiring Frasier to submit handwriting samples. In an affidavit in support of its motion, the State alleged that Frasier wrote several letters to two co-defendants while he was incarcerated in the Charleston Coun-

---

1. We decide this case without oral argument pursuant to Rule 215, SCACR.

ty jail. The State alleged that Frasier wrote the letters to try and coerce his co-defendants into fabricating a story for the night of the robbery.

The State wants Frasier to provide handwriting samples of specific words and phrases that are contained in the letters. Then it intends to send both the samples and the letters to SLED for a handwriting comparison.

■ On appeal, the State maintains that Frasier's Fifth Amendment right against self-incrimination is not implicated because handwriting exemplars are nontestimonial in nature. We agree.

■ The Fifth Amendment protection from self-incrimination "protects an accused only from being compelled to testify against himself, or otherwise provide the State with evidence of a testimonial or communicative nature...." *Schmerber v. California,* 384 U.S. 757, 761, 86 S.Ct. 1826, 16 L.Ed.2d 908 (1966) (holding that withdrawal of blood and chemical analysis of blood does not implicate the Fifth Amendment).

> The privilege reaches only compulsion of an accused's communication, whatever form they might take, and the compulsion of responses which are also communications, for example, compliance with a subpoena to produce one's papers, and not compulsion which makes a suspect or accused the source of real or physical evidence. One's voice and handwriting are, of course, means of communication. It by no means follows, however, that every compulsion of an accused to use his voice or write compels a communication within the cover of the privilege. *A mere handwriting exemplar, in contrast to the content of what is written, like the voice or body itself, is an identifying physical characteristic outside its protection.*

*Gilbert v. California,* 388 U.S. 263, 266–67, 87 S.Ct. 1951, 18 L.Ed.2d 1178 (1967) (internal citations omitted) (emphasis added); *see State v. Hart,* 306 S.C. 344, 412 S.E.2d 380 (1991) (The exhibition of physical characteristics does not implicate a defendant's privilege against self-incrimination because physical characteristics are nontestimonial.). ·

In *Gilbert,* the United States Supreme Court determined that the privilege against self-incrimination would not bar a defendant's handwriting exemplars from being admitted into evidence so that they could be compared to a handwritten note left in several robberies. *Gilbert,* 388 U.S. at 265–66, 87 S.Ct. 1951; *see Schmerber,* 384 U.S. at 764, 86 S.Ct. 1826 (noting that, traditionally, witnesses could be compelled, in both state and federal courts, to submit to "fingerprinting, photographing, or measurements, *to write or speak for identification,* to appear in court, to stand, to assume a stance, to walk, or to make a particular gesture") (emphasis added).

Although South Carolina law has not addressed the issue of whether a defendant can be ordered to provide handwriting exemplars without violating his privilege against self-incrimination, there are cases compelling defendants to submit other evidence of physical characteristics. *See State v. Jones,* 268 S.C. 227, 233 S.E.2d 287 (1977) (defendant in lineup required to speak the words the robber spoke during the course of the robbery held permissible because it did not violate the privilege against self-incrimination); *State v. Vice,* 259 S.C. 30, 190 S.E.2d 510 (1972) (finding no violation of the privilege against self-incrimination where defendant was compelled to speak into a telephone and have his voice recorded for identification purposes).

Even though the State wants Frasier to write specific words and phrases that are contained in the letters, his handwriting remains a physical characteristic rather than testimonial evidence. It is no different than requiring a suspect in a lineup to speak the words a robber spoke during commission of the crime. The evidence is the handwriting or the voice itself, not in the words written or spoken.

Thus, it was error for the trial court to deny the State's motion for an order compelling Frasier to submit the requested handwriting samples. We reverse and remand for an order consistent with this opinion.[2]

**REVERSED AND REMANDED.**

CONNOR, STILWELL, and HOWARD, JJ., concur.

---

2. Frasier contends the State failed to show how the denial of its motion significantly impaired prosecution of the case, apparently asserting that

any error would be harmless. We disagree. The State was attempting to prove that Frasier authored letters that attempted to get Frasier's co-defendants to fabricate an alibi for the night of the robbery. Evidence that Frasier was the author of the letters would aid the State in proving Frasier's identity as one of the robbers. The error of denying such evidence cannot be considered harmless.