617 S.E.2d 397

**The STATE, Respondent,**

v.

**Brandon PINKARD, Appellant.**

**No. 4006.**

Court of Appeals of South Carolina.

Submitted May 1, 2005.

Decided June 27, 2005.

Rehearing Denied Aug. 26, 2005.

Acting Chief Attorney Joseph L. Savitz, III, of Columbia, for Appellant.

Attorney General Henry D. McMaster, Chief Deputy Attorney General John W. McIntosh, Assistant Deputy Attorney General Salley W. Elliott, Assistant Attorney General Deborah R.J. Shupe, and Solicitor Warren Blair Giese, all of Columbia, for Respondent.

KITTREDGE, J.:

In this criminal appeal, we are asked to decide whether a defendant forfeits his right to make the final closing argument to the jury when he offers only non-testimonial evidence. Brandon Pinkard was convicted of voluntary manslaughter. On appeal, Pinkard claims error in the trial court's ruling that his proposed display of a tattoo to the jury would constitute evidence, thereby depriving him of the right to make the last argument. We affirm and hold the presentation of any evidence by a defendant—whether characterized as testimonial or non-testimonial—forfeits his right to make the last argument to the jury.

## FACTS

On June 7, 2000, during a fight outside an apartment complex between Pinkard and a third party, Roger Keitt intervened in an effort to ease tensions between the combatants. According to witnesses, Pinkard responded by shooting and killing Keitt. Pinkard was indicted for murder, convicted of voluntary manslaughter by a jury, and sentenced to 24 years imprisonment. During trial, several witnesses identified Pinkard as the shooter, but none mentioned Pinkard as having a tattoo.

Near the trial's conclusion, Pinkard asked the trial court if he could show the jury a tattoo on his arm without forfeiting the right to make the final argument. The trial court held that such a display of the tattoo would constitute the introduction of evidence and would thus preclude Pinkard from having the last argument. Pinkard chose not to exhibit his tattoo to the jury in order to preserve his right to the final closing argument. Pinkard appeals, claiming the trial court erred in ruling the display to the jury would constitute the introduction of evidence.

## LAW/ANALYSIS

When a defendant in a criminal case offers no evidence, he is entitled to the final closing argument to the jury. *State v. Rodgers*, 269 S.C. 22, 24, 235 S.E.2d 808, 809 (1977) (citing *State v. Gellis*, 158 S.C. 471, 487, 155 S.E. 849, 855 (1930)). "The right to open and close the argument to the jury is a substantial right, the denial of which is reversible error." *Rodgers*, 269 S.C. at 24–25, 235 S.E.2d at 809.

While the display of physical characteristics, such as a tattoo, is non-testimonial,[1] it remains evidence. *See State v.*

---

1. "Testimony" is not synonymous with "evidence"; the latter is a more comprehensive term. Evidence is said to be testimonial when "elicited from a witness in contrast to documentary evidence or real evidence." Black's Law Dictionary 1476 (6th ed. 1990); *see also Schmerber v. California*, 384 U.S. 757, 763–64, 86 S.Ct. 1826, 16 L.Ed.2d 908 (1966) (distinguishing between testimonial and non-testimonial evidence); 29A Am. Jur. 2d *Evidence* § 951 (1994) (noting that "the accused, while not a witness on his behalf, may be required to display to the trier of fact wounds ... tattoos ... or other distinguishing features. Because such

*Hart,* 306 S.C. 344, 346, 412 S.E.2d 380, 381 (1991) (stating that exhibition of a defendant's physical characteristics is treated "like any other evidence"); 2 *McCormick on Evidence* § 215 (5th ed. 1999) (noting that "[t]he physical characteristics of a person may ... constitute relevant *evidence* in a criminal prosecution") (emphasis added). The trial court correctly ruled that the proposed display by Pinkard of his tattoo would have been evidence, albeit non-testimonial. Accordingly, Pinkard was not entitled to display his tattoo to the jury and retain the right to the final closing argument. *See Gellis,* 158 S.C. at 487, 155 S.E. at 855 (1930) (holding that the state retains the right to the final closing "if a defendant offers any evidence on trial of the case"); *cf. State v. Mouzon,* 326 S.C. 199, 203–04, 485 S.E.2d 918, 920–21 (1997) (noting that a jury view of the crime scene pursuant to South Carolina Code section 14–7–1320 "is not regarded as evidence" and that defendant was therefore "entitled to the last closing argument").

**AFFIRMED.**

GOOLSBY and HUFF, JJ., concur.

---

an exhibit is not testimonial in nature, the defendant is not required to take the stand before being allowed to exhibit himself to the jury ...").