THIS OPINION
 HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN
 ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 The State, Respondent,
 
 
 

v.

 
 
 
 Alexander
 Partain, Appellant.
 
 
 

Appeal From Anderson County
R. Lawton McIntosh, Circuit Court Judge

Unpublished Opinion No. 2012-UP-311
 Submitted March 1, 2012 – Filed May 16.
2012    

AFFIRMED

 
 
 
 Appellate Defender Tristan M. Shaffer, of
 Columbia, for Appellant.
 Attorney General Alan Wilson, Chief Deputy
 Attorney General John W. McIntosh, Assistant Deputy Attorney General Salley W.
 Elliott, and Senior Assistant Attorney General Harold M. Coombs, Jr., all of
 Columbia; and Solicitor Christina T. Adams, of Anderson, for Respondent.
 
 
 

PER CURIAM: Alexander Partain appeals his conviction for discharging a firearm
 into a vehicle, arguing the circuit court erred in (1) instructing the jury
 that its job was "to search for the truth" and (2) not allowing
 Partain to reply to the State's closing argument on the facts.  We affirm[1] pursuant to Rule 220(b)(1), SCACR, and the following authorities:
1. As to whether the
 circuit court erred in instructing the jury that its job was "to search
 for the truth": State v. Aleksey, 343 S.C. 20, 27, 538 S.E.2d 248, 251 (2000) ("[J]ury
 instructions should be considered as a whole, and if as a whole they are free
 from error, any isolated portions which may be misleading do not constitute
 reversible error.  The standard for review of an ambiguous jury instruction is
 whether there is a reasonable likelihood that the jury applied the challenged
 instruction in a way that violates the Constitution.").
2. As to
 whether the circuit court erred in not allowing Partain to reply to the State's
 closing argument on the facts: State v. Pinkard, 365 S.C. 541, 543-44,
 617 S.E.2d 397, 398 (Ct. App. 2005) (holding the State has the right to make
 the final closing argument in a criminal case if the defendant presents
 evidence).
AFFIRMED.
FEW, C.J., and
 HUFF and SHORT, JJ., concur.

[1] We decide this case without oral argument pursuant to
 Rule 215, SCACR.