**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Anthony Hackshaw, Appellant.

Appellate Case No. 2010-177006

———————

Appeal From Richland County
James R. Barber, III, Circuit Court Judge

———————

Unpublished Opinion No. 2013-UP-147
Heard March 4, 2013 – Filed April 10, 2013

———————

**AFFIRMED**

———————

Appellate Defender Susan B. Hackett, of Columbia, for Appellant.

Attorney General Alan M. Wilson, Chief Deputy Attorney General John W. McIntosh, Senior Assistant Deputy Attorney General Donald J. Zelenka, Assistant Attorney General Brendan J. McDonald, and Solicitor Daniel E. Johnson, all of Columbia, for Respondent.

———————

**PER CURIAM:**  Anthony Hackshaw appeals his convictions of murder, assault with intent to kill, and use of a firearm during the commission of a violent crime, arguing the trial court erred in the following: (1) failing to suppress evidence obtained after the execution of an allegedly stale search warrant; (2) admitting a prior statement by a witness who refused to cooperate during trial testimony in violation of Rule 613(b), SCRE; (3) violating Hackshaw's right to confront the witness by admitting the statement; (4) refusing Hackshaw's requested jury charge regarding the potential sentence faced by the witness; (5) admitting unduly prejudicial evidence of a drug relationship between Hackshaw and another person; (6) permitting the State to instruct the jurors on the law; and (7) finding Hackshaw forfeited his right to the final closing argument.  We affirm pursuant to Rule 220(b), SCACR, and the following authorities:

1.     As to the allegedly stale search warrant:  *State v. Beckham*, 334 S.C. 302, 316, 513 S.E.2d 606, 613 (1999) (recognizing the lapse of time before the execution of a search warrant is an important consideration, but it is not wholly determinative of the admissibility of evidence obtained as a result of the execution of the search warrant (citation omitted)); *id.* (finding a search warrant regarding the location of a gun used during a murder was valid despite the passage of a year); *State v. Corns*, 310 S.C. 546, 551, 426 S.E.2d 324, 326 (Ct. App. 1992) (finding other factors to consider in determining if a search warrant is stale include "the nature of the criminal activity involved, and the kind of property" sought to be discovered (quoting *United States v. Steeves*, 525 F.2d 33, 38 (8th Cir. 1975))).

2.     As to the admission of the prior statement under Rule 613(b), SCRE:  *State v. Dickman*, 341 S.C. 293, 295, 534 S.E.2d 268, 269 (2000) (finding a party cannot argue one ground below and another ground on appeal).

3.     As to the admission of the prior statement as a violation of the right to confront a witness:  *State v. Nance*, 393 S.C. 289, 294, 712 S.E.2d 446, 449 (2011) ("The accused's opportunity to cross-examine a witness against him is protected by the Confrontation Clause of the Sixth Amendment to the United States Constitution."); *State v. Stokes*, 381 S.C. 390, 401-02, 673 S.E.2d 434, 439 (2009) (finding the Confrontation Clause "guarantees only an *opportunity* for effective cross-examination, not cross-examination that is effective in whatever way, and to whatever extent, the defense might wish" (quoting *United States v. Owens*, 484 U.S. 554, 559 (1988))).

4.     As to the refusal of the jury charge:  *State v. Burriss*, 334 S.C. 256, 262, 513 S.E.2d 104, 108 (1999) (stating "the law to be charged is determined from the evidence presented at trial"); *State v. Smith*, 316 S.C. 53, 55, 447 S.E.2d 175, 176 (1993) ("Accessory before the fact of murder requires a showing that the accused: (1) either advised and agreed, urged, or in some way aided some other person to commit the offense; (2) was not present when the offense was committed; and (3) that some principal committed the crime." (citation omitted)).

5.     As to the admission of a drug relationship:  *State v. Adams*, 322 S.C. 114, 121, 470 S.E.2d 366, 370 (1996) (indicating the admission of evidence of drug use was not error where there was a logical relevance between the drug use and the crime charged); *State v. Williams*, 321 S.C. 455, 461, 469 S.E.2d 49, 53 (1996) (finding evidence of a crack cocaine sale between the defendant and the victim the night of the murder was admissible as part of the *res gestae* of the shooting).

6.     As to permitting the State to instruct the jurors on the law during closing arguments:  *State v. Rodgers*, 269 S.C. 22, 25, 235 S.E.2d 808, 809 (1977) (finding former Circuit Court Rule 58 does not limit "the initial closing argument to the law of the case, it simply requires a discussion of the law to be included in that argument if demanded by the defendant").

7.     As to the forfeiture of the final closing argument:  *State v. Gellis*, 158 S.C. 471, 487, 155 S.E. 849, 855 (1930) (holding the State retains the right to the final closing "if a defendant offers any evidence on trial of the case"); *State v. Pinkard*, 365 S.C. 541, 544, 617 S.E.2d 397, 398 (Ct. App. 2005) (finding defendant's display of a tattoo, although non-testimonial, was evidence, and the defendant forfeited the right to the final closing argument).

**AFFIRMED.**

**SHORT, THOMAS, and PIEPER, concur.**