**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Denorris Hall, Appellant.

Appellate Case No. 2012-213248

———————

Appeal From Charleston County
Kristi Lea Harrington, Circuit Court Judge

———————

Unpublished Opinion No. 2015-UP-165
Heard January 6, 2015 – Filed March 25, 2015

———————

**AFFIRMED**

———————

Appellate Defender Lara M. Caudy and Beth B. Richardson, of Sowell Gray Stepp & Laffitte, LLC, both of Columbia, for Appellant.

Attorney General Alan McCrory Wilson and Assistant Attorney General Christina Catoe Bigelow, both of Columbia, and Solicitor Scarlett Anne Wilson, of Charleston, for Respondent.

———————

**PER CURIAM:** Denorris Hall appeals from his convictions for attempted armed robbery and attempted murder, arguing the trial court erred in (1) denying his motion for a mistrial based on a violation of his due process rights; (2) admitting his statement into evidence; and (3) denying him the opportunity to argue last during closing in violation of his equal protection rights. We affirm pursuant to Rule 220(b), SCACR, and the following authorities:

1.      As to whether the trial court erred in denying Hall's motion for a mistrial based on a violation of his due process rights: *State v. Nichols*, 325 S.C. 111, 120-21, 481 S.E.2d 118, 123 (1997) ("An issue may not be raised for the first time on appeal, but must have been raised to the trial judge to be preserved for appellate review.").

2.      As to whether the trial court erred in admitting his statement into evidence: *State v. Williams*, 405 S.C. 263, 275, 747 S.E.2d 194, 200 (Ct. App. 2013) ("Simply because an interview takes place at a law enforcement center and at the initiation of police investigators does not render it a 'custodial interrogation.'"); *id.* ("Rather, the fact a defendant voluntarily agreed to accompany investigators to their office and answer questions without being placed under arrest indicates a non-custodial situation.").

3.      As to whether the trial court erred in denying him the opportunity to argue last during closing in violation of his equal protection rights: *State v. Pinkard*, 365 S.C. 541, 543, 617 S.E.2d 397, 398 (Ct. App. 2005) ("When a defendant in a criminal case offers no evidence, he is entitled to the final closing argument to the jury."); *State v. Gellis*, 158 S.C. 471, 487, 155 S.E. 849, 855 (1930) (holding the State retains the right to the final closing "if a defendant offers any evidence on trial of the case").

**AFFIRMED.**

**HUFF, SHORT, and KONDUROS, JJ., concur.**