**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Keith Denver Tate, Appellant

Appellate Case No. 2014-001694

———————————

Appeal From Abbeville County
Donald B. Hocker, Circuit Court Judge

———————————

Unpublished Opinion No. 2016-UP-436
Submitted September 1, 2016 – Filed October 19, 2016
Withdrawn, Substituted and Refiled December 14, 2016

———————————

**AFFIRMED**

———————————

Appellate Defender Susan Barber Hackett, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson, Assistant Attorney General Vann Henry Gunter, Jr., both of Columbia; and Solicitor David Matthew Stumbo, of Greenwood, for Respondent.

———————————

**PER CURIAM:** Keith Denver Tate was convicted of second-degree criminal sexual conduct with a minor and sentenced to imprisonment for sixteen years. On appeal, Tate contends the trial court erred in (1) failing to declare a mistrial based upon Victim's emotional outbursts, (2) failing to require the State to open in full during closing arguments, and (3) refusing to permit defense counsel to elicit testimony concerning the specific content of three photographs found on Victim's phone. We affirm pursuant to Rule 220(b), SCACR, and the following authorities:

1.      As to whether the circuit court erred in failing to declare a mistrial based on Victim's emotional outbursts: *State v. Anderson*, 322 S.C. 89, 91-92, 470 S.E.2d 103, 105 (1996) ("The decision whether to grant a mistrial because of a witness's outburst rests within the sound discretion of the trial judge and will not be reversed absent an abuse of discretion or manifest prejudice to the complaining party."); *State v. Kirby*, 269 S.C. 25, 28, 236 S.E.2d 33, 34 (1977) ("The power of a court to declare a mistrial ought to be used with the greatest caution under urgent circumstances, and for very plain and obvious causes."); *State v. Harris*, 340 S.C. 59, 63, 530 S.E.2d 626, 628 (2000) ("A mistrial should only be granted when absolutely necessary."); *id.* ("The trial judge is in the best position to determine the credibility of the jurors; therefore, [the appellate court] grants him broad deference on [a motion for mistrial] issue."); *Anderson*, 322 S.C. at 93, 407 S.E.2d at 105-06 ("Given that the trial judge was in the best position to assess the degree to which the jury may have been prejudiced by the [witness's] outburst, he did not abuse his discretion in denying [the appellant's] mistrial motion."); *id.* at 93-94, 407 S.E.2d at 106 (cautioning that in some cases, "a witness's or spectator's outburst may carry such great potential for prejudice that the trial judge should give, or offer to give, a curative instruction," but holding a curative instruction was unnecessary in that case and noting such an instruction "could have focused the jury's attention on the outburst, thus increasing the possibility of improper prejudice to the defendant"); *id.* at 90-91, 93, 407 S.E.2d at 104, 105-06 (finding the trial court did not abuse its discretion in denying the appellant's mistrial motion during trial when the deceased victim's sister directly addressed the appellant while she was on the witness stand saying, "Why, Shawn? Why did you do it? ... He didn't have to take her life" and, after recess, defense counsel asserted the sister, "bawled and screamed" for a period of three to five minutes "at the top of her voice, 'He didn't have to do it. She had so much to live for,'" with such conduct occurring in the area of the courtroom adjacent to the jury room where the jury was very likely to have heard the sister); *State v. Perry*, 278 S.C. 490, 494, 299 S.E.2d 324, 326 (1983) ("Trial judges in South Carolina, as elsewhere, are allowed a wide discretion in the trial of cases.

This is as it should be because a trial judge experiences 'a feel of the case' which oftentimes may not be detected from a cold printed record.").

2.     As to whether the trial court erred in failing to require the State to open in full during closing argument and reply only to the defense's closing argument: *State v. Gellis*, 158 S.C. 471, 487, 155 S.E. 849, 855 (1930) ("[I]f a defendant offers any evidence on trial of the case, the state is not deprived of its general right to the opening and concluding arguments."); *State v. Rodgers*, 269 S.C. 22, 24, 235 S.E.2d 808, 809 (1977) ("The solicitor is entitled to open the closing arguments to the jury unless the defendant has offered no evidence."); *id.* at 25, 235 S.E.2d at 809 ("The solicitor is not required to make an opening argument to the jury on issues of fact, . . . but may do so in his discretion.").

3.     As to whether the trial court erred in refusing to permit Tate to elicit testimony concerning the content of three illicit photographs found on Victim's phone:  *State v. Dickerson*, 395 S.C. 101, 116, 716 S.E.2d 895, 903 (2011) ("The admission of evidence is within the [trial] court's discretion and will not be reversed on appeal absent an abuse of that discretion."); *State v. Lyles*, 379 S.C. 328, 342, 665 S.E.2d 201, 209 (Ct. App. 2008) ("The right to present a defense is not unlimited, 'but must bow to accommodate other legitimate interests in the criminal trial process.'" (quoting *State v. Hamilton*, 344 S.C. 344, 359, 543 S.E.2d 586, 594 (Ct. App. 2001))); *id.* ("The accused does not have an unfettered right to offer [evidence] that is incompetent, privileged, or otherwise inadmissible under standard rules of evidence." (alteration by court) (quoting *Montana v. Egelhoff*, 518 U.S. 37, 42 (1996))); *id.* at 343, 665 S.E.2d at 209 ("Defendants are entitled to a fair opportunity to present a full and complete defense, but this right does not supplant the rules of evidence and all proffered evidence or testimony must comply with any applicable evidentiary rules prior to admission."); Rule 401, SCRE (providing evidence is relevant if it tends "to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence"); *State v. Stokes*, 339 S.C. 154, 159, 528 S.E.2d 430, 432 (Ct. App. 2000) ("[E]vidence 'should be excluded if it is calculated to arouse the sympathy or prejudice of the jury or is irrelevant or unnecessary to substantiate the facts.'" (quoting *State v. Langley*, 334 S.C. 643, 647, 515 S.E.2d 98, 100 (1999)); Rule 403, SCRE ("Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence."); *State v. Turner*, 373 S.C. 121, 130, 644 S.E.2d 693, 698 (2007) ("[T]rial courts retain wide

latitude, insofar as the Confrontation Clause is concerned, to impose reasonable limits on . . . cross-examination based on concerns about, among other things, prejudice, confusion of the issues, or interrogation that is only marginally relevant."); *Holmes v. South Carolina*, 547 U.S. 319, 324, 326 (2006) (holding a defendant has a constitutional right to present a complete defense, and "the Constitution . . . prohibits the exclusion of defense evidence under rules that serve no legitimate purpose or that are disproportionate to the ends that they are asserted to promote," but noting "well-established rules of evidence permit trial [courts] to exclude evidence if its probative value is outweighed by other factors such as unfair prejudice, confusion of the issues, or potential to mislead the jury").

**AFFIRMED.**[1]

**HUFF, SHORT, and KONDUROS, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.